[No. 10,600.—Department One.]
Sept. 26, 1881.

## THE PEOPLE *v.* JOHN BIRD.

ASSAULT WITH A DEADLY WEAPON—SUFFICIENCY OF EVIDENCE TO SUSTAIN
VERDICT.—Unless the evidence is so slight that the Court below would
be justified in directing a verdict for defendant, this Court is not author-
ized to reverse the judgment upon the ground that the evidence does not
sustain a verdict of guilty. If there is a conflict, it is for the jury, under
proper instructions, to determine the credibility of witnesses.

ID.—INSTRUCTIONS.—The Court did not err in giving the following instruc-
tions: "If the person having the present ability to commit a violent injury
upon the person of another, and having with him a deadly weapon, rushes
towards such other person with menacing gestures, and with a purpose to
use such weapon, an assault is committed, though such person is pre-
vented from striking or using the weapon before he comes near enough
to do so."

ID.—RELEVANCY OF INSTRUCTIONS.—The Court charged the jury as follows:
"Further in this connection the Court, of its motion, instructs you that
if a man has been for a period of two years or thereabouts in the quiet,
peaceable, and exclusive possession of a house and certain grounds imme-
diately surrounding the same, and necessary to the comfort and enjoyment
of such house, and during such time has resided in such house and has
occupied and used such ground with his family, and another person, with-
out his consent, places timbers upon such ground which obstruct the free
use and enjoyment of such house and grounds, the man who has so had
the possession of said house and grounds and occupied the same with his
family, may the next day after the timbers are so placed upon such
grounds, remove the same from such grounds. And if it becomes nec-
essary to saw such timbers up to remove them, he may do so. And if he
is interfered with in such removal, he may use so much force as is neces-
sary to protect his person in so doing."

*Held:* As there was no evidence tending to establish the circumstances re-
cited as possible facts, the charge was clearly erroneous.

APPEAL from a judgment of conviction, from an order de-

nying an arrest of judgment, and from an order refusing a new trial in the Superior Court of the County of Alameda. GREENE, J.

*John H. Glascock, A. A. Moore,* and *W. W. Foote,* for Appellant.

*George A. Blanchard,* Deputy Attorney General, for Respondent.

MCKINSTRY, J.:

The defendant was found guilty of an assault with a deadly weapon—a pistol charged with gunpowder and leaden bullets.

It is insisted upon the part of the defendant, appellant, that the evidence was insufficient to sustain the verdict. This Court has jurisdiction in certain criminal cases "on questions of law alone." Unless the evidence is so slight as that the Court below would be justified in directing a verdict for defendant, we are not authorized to reverse a judgment upon the ground that the evidence does not sustain a verdict of guilty. If there is a conflict, it is for the jury, under proper instructions, to determine the credibility of witnesses. It would extend our opinion to great length, without subserving any useful purpose, to recite any portion of the testimony. We are of opinion that the testimony of the prosecuting witness, if he was believed to swear truly, strongly tended to establish the commission by defendant of the felony charged.

It is said that the Court below erred in giving the instruction following: "If the person having the present ability to commit a violent injury upon the person of another, and having with him a deadly weapon, rushes toward such other person with menacing gestures and with a purpose to use such weapon, an assault is committed, though such person is prevented from striking or using the weapon before he comes near enough to do so."

There was evidence tending to prove that defendant "rushed" toward the prosecuting witness, and that he gestured "menacingly;" his "purpose" or intent was left by the instruction to the jury. The instruction does not, in terms, say that the alleged assailant must reach a point near enough

to inflict a wound, although that is implied from the words, "though such person is prevented from using the weapon." The illustration of counsel, which supposes a person moving from San Francisco to assault another in Sacramento, and who is stopped at Benicia, is hardly applicable. The instruction, while expressed in general terms, is not abstract, but is to be construed with reference to the phase of the actual evidence which the jury might adopt.

The Court charged the jury as follows: "Further in this connection the Court, of its own motion, instructs you that if a man has been for a period of two years or thereabouts in the quiet, peaceable, and exclusive possession of a house and certain grounds immediately surrounding the same and necessary to the comfort and enjoyment of such house, and during such time has resided in such house and has occupied and used such ground with his family, and another person, without his consent, places timbers upon such ground, which obstruct the free use and enjoyment of such house and grounds, the man who has so had the possession of said house and grounds, and occupied the same with his family, may the next day after the timbers are so placed upon such grounds, remove the same from such grounds. And if it becomes necessary to saw such timbers up to remove them, he may do so. And if he is interfered with in such removal, he may use so much force as is necessary to protect his person in so doing."

In this charge the Court did not assume the existence as facts of the matters recited in it, but they were presented hypothetically. Nevertheless, unless there was evidence tending to establish the circumstances recited as possible facts, the charge was clearly erroneous. It assumed the possible existence of facts which might materially affect the question whether either the prosecuting witness or the defendant was acting in defense of his property, and throw light upon the intent of the latter. There was no evidence in the transcript that the prosecuting witness had been "for a period of two years in the quiet, peaceable, and exclusive possession of a house and certain grounds surrounding the same, and necessary to the comfort and enjoyment of such house;" or, that "during such time" he had "resided in such house and occu-

pied such grounds with his family;" or, that "another person, without his consent," had placed "timbers upon such ground;" or, of any other of the matters which the instruction assumes may have existed or occurred.

The bill of exceptions contains all the evidence introduced at the trial.

Judgment and order reversed, and cause remanded for a new trial.

Ross and McKee, JJ., concurred.